IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD FORREST,

    Plaintiff,

v.                                Civil Action No. 3:11cv92

OMEGA PROTEIN, INC.
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on OMEGA PROTEIN, INC. AND M/V TIDELAND'S MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 28). OMEGA PROTEIN, INC. AND M/V TIDELAND'S MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 28). will be granted.

**BACKGROUND**

**A. Procedural Posture**

The defendants have moved for entry of an order striking Plaintiff Ronald Forrest's ("Forrest") demand for a jury trial of his claim for maintenance and cure payments from his former employer Omega Protein, Inc. and its fishing vessel, M/V Tideland (collectively referred to as "Omega"). Forrest was injured when he was serving as a member of the crew of M/V

Tideland. See PLAINTIFF'S ORIGINAL COMPLAINT (Docket No. 1) at ¶ 9-12.

The maintenance and cure claim was joined with negligence and unseaworthiness claims filed under the Jones Act, 46 U.S.C. § 30104 (2006), in a case that Forrest filed in the Circuit Court of Gloucester County, Virginia. Before the trial of the State case, Forrest, on his own motion, severed, and then non-suited, the maintenance and cure claim after the State Court did not permit him to amend that claim to add a claim for punitive damages.[1] Immediately after taking the non-suit of the maintenance and cure claim, Forrest filed that claim in the United States District Court for the Eastern District of Louisiana. Thereafter, the negligence and unseaworthiness claims were tried to a jury. See MEMORANDUM IN SUPPORT OF DEFENDANT'S [SIC] MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 29) at 2.

The jury in the State case returned a verdict for Forrest on the negligence and unseaworthiness claims in the amount of $768,788, but reduced that amount by thirty percent to reflect a finding that Forrest was guilty of contributory negligence. Forrest's final judgment was $538,152. Id. Later, the United

---

[1] The claim for punitive damages arises from the Supreme Court's recent decision in Atlantic Sounding Co. v. Townsend, 129 S.Ct. 2561 (2009), which states that punitive damages are possible for "the willful and wanton disregard of the maintenance and cure obligation."

2

States District Court for the Eastern District of Louisiana transferred the maintenance and cure case here on the defendant's motion for change of venue.

## DISCUSSION

The Seventh Amendment guarantees the right to a jury trial "[i]n suits at common law." U.S. Const. amend. VII. The constitutional guarantee of the right to a jury trial, however, applies only to cases at law and does not extend to maritime cases. See Waring v. Clarke, 46 U.S. 441, 459-60, (1847) ("trials of issues in fact in the District Courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury") (emphasis added); see also Vodusek v. Bayliner Marine Corp.,71 F.3d 148, 152-53 (4th Cir.1995). Congress has created a statutory right to jury trial in certain admiralty and maritime cases.[2] But, the Seventh Amendment creates no constitutional right to a jury trial of maritime claims. In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007).

At one time, there was a split of authority respecting whether joined Jones Act and maritime claims were triable to a

---

[2] See 28 U.S.C. § 1873 (establishing a right to jury trial for admiralty tort or contract cases involving certain Great Lakes shipping and coasting trade vessels); 46 U.S.C. § 30104(2006) (granting injured seamen a right to jury trial in Jones Act cases).

3

jury. Some courts, presented with jointly-filed claims, submitted the Jones Act claim to the jury and left the maritime claims to be tried by the court. See, e.g., Jordine v. Walling, 185 F.2d 662, 671 (3d Cir. 1950). Other courts anticipated the approach taken by the Supreme Court in Fitzgerald v. United States Lines Co., 374 U.S. 16 S.Ct. (1963), and submitted both claims to the jury, reasoning that the traditional method of trying the claims to two fact-finders "unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estopel." Id. at 19 (emphasis in original). In Fitzgerald, the Supreme Court eliminated the conflict when it held that a maintenance and cure claim joined with Jones Act claims "must be submitted to the jury when both arise out of one set of facts." Id. at 20.

1. **Position of the Parties**

Forrest relies solely on Fitzgerald to support his request for a jury trial on the maintenance and cure claim. Forrest contends that, because the maintenance and cure claim was at one time joined with the Jones Act claim, the maintenance and cure claim must be heard by a jury under the rationale of Fitzgerald.[3] He specifically points out that, in Fitzgerald, the Supreme Court was aware that the practical effect of its decision was

---

[3] PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 31) at 3.

that, on remand of that case, the maintenance and cure claim there at issue would be the only claim to be tried, and, on that point, the Court specifically stated:

> The ship-owner points out that on remand the maintenance and cure claim would no longer be joined with a Jones Act claim and therefore, he argues, could be tried by a judge without a jury. We cannot agree.

Fitzgerald, 374 U.S. 16 S.Ct. at 21. To Forrest, that comment requires that the maintenance and cure claim in this case must be tried to a jury. Alternatively, Forrest submits that, even if the Court grants Omega's request to strike the request for jury trial, the Court should empanel an advisory jury under Rule 39(c) of the Federal Rules of Civil Procedure.[4]

Omega contends that the decision in Fitzgerald does not permit a jury trial of Forrest's claim "because his claim for maintenance and cure is not *joined with* a Jones Act claim, and in fact, [Forrest] has already had his jury trial on the Jones Act claim, and specifically non-suited out this current claim for separate trial."[5] Omega also opposes the request for an advisory jury.

---

[4] See PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 31) at 1.

[5] MEMORANDUM IN SUPPORT OF DEFENDANT'S [SIC] MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 29) at 7 (emphasis in original).

### 2. There Is No Right To Jury Trial Of The Maintenance And Cure Claim

The parties are not of diverse citizenship, and no issues of substantive federal law have been raised. Admiralty, therefore, is the only conceivable basis for subject matter jurisdiction over Forrest's maintenance and cure claim. Federal jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction" is rooted in Article III, § 2 of the United States Constitution, and admiralty jurisdiction is statutorily bestowed upon district courts by 28 U.S.C. § 1333(1). Moreover, as previously explained, admiralty cases are traditionally tried to the bench, absent a statutory requirement to the contrary.

The Supreme Court in Fitzgerald decided that a maintenance and cure claim joined with Jones Act claims was to be tried by the jury. That, said the Court, was for reasons of efficiency. The Supreme Court did not find that something inherent in a maintenance and cure claim, in and of itself, warranted an exception to the general rule that, a claim brought under maritime jurisdiction is not to be tried to a jury unless Congress so requires.[6] Rather, the decision in Fitzgerald simply

---

[6] The Court explained why the jury rather than the judge is appropriate tribunal:
> Since Congress in the Jones Act has declared that the negligence part of the claim shall be tried to a jury, we would not be free if we wished to require submission of all the claims to a judge alone. Id. at 21.

6

recognizes that, when a claimant brings a maintenance and cure claim in the same case that presents a Jones Act claim, there is but one case, and the courts should not waste resources and insert confusion by trying the claims to two different triers of fact.

Courts have remained faithful to Fitzgerald's focus on judicial economy, but have refused to extend the decision beyond those cases in which a maritime claim is joined with a Jones Act claim. See Morrison v. U.S. Lines, Inc., 80 CIV. 5112 (JMC), 1983 WL 188031 (S.D.N.Y. Mar. 2, 1983) (disallowing a jury trial for a maintenance and cure claim that was not separated due to the different treatment of maritime and Jones Act claims, rather the plaintiff chose to drop the his Jones Act claim because it was weak); Mahramas v. Am. Exp. Isbrandtsen Lines, Inc., 475 F.2d 165 (2d Cir. 1973) (holding that when the Plaintiff's Jones Act claims are dismissed on Summary Judgment, the remaining admiralty claims go to the bench). Fitzgerald does not hold that a jury trial is required for any maintenance and cure claim that at one time or another was joined with a Jones Act Claim. See Mahramas v. Am. Exp. Isbrandtsen Lines, Inc., 475 F.2d 165 (2d Cir. 1973) ("If the rule were otherwise, any plaintiff could receive a jury trial on his admiralty claims simply by alleging a Jones Act count, whether or not he had any evidence to support it").

Here, the State Court did not sever Forrest's maintenance and cure claim from the Jones Act claim. Instead, Forrest himself chose to separate the claims. Forrest would have been entitled to a jury trial on his maintenance and cure claim had he submitted it concurrently with his Jones Act claim to the State court. He lost that right when he chose to non-suit that claim and file it separately in federal court in Louisiana. Because Forrest withdrew his maintenance and cure claim and already has received a jury trial for the Jones Act and unseaworthiness claims, he is no longer entitled as of right to a jury trial.

### 3. There Is No Need For An Advisory Jury

The use of an advisory jury under Rule 39(c) of the Federal Rules of Civil Procedure lies within the discretion of the Court and is not a matter of right. See United States v. Ellis Research Laboratories, Inc., 300 F.2d 550, 554 (7th Cir. 1962). The advisory jury's findings of fact simply *advise* the judge, as the responsibility for the decision-rendering process remains with the trial judge. See FPP § 2335, 9 Fed. Prac. & Proc. Civ. § 2335 (3d ed.).

Forrest simply requests an advisory jury without offering any reasons for the request. Omega, on the other hand, submits that the complex procedural history of this case coupled with the unique nature of maintenance and cure claims makes this case

better suited for a bench trial.[7] Omega also notes that it is appropriate to consider expense and additional time resulting from the use of an advisory jury. See Dewey Electronics Corp. v. Montage, Inc., 117 F.R.D. 73, 75 (M.D. Pa. 1987) ("a jury trial's requirements of openings, summations and jury instructions would be replaced by a trial brief in a bench trial, with a concomitant saving of judicial resources."); see also Rosen v. Dick, 83 F.R.D. at 544 ("A bench trial always moves more expeditiously than a jury trial.")

The Court will be required, apart from an advisory jury's findings, to make independent findings of fact for what is essentially a matter of first impression.[8] An advisory jury would not help in this task, and the Court finds that empaneling a jury in an advisory capacity would result in an inefficient use of judicial resources.

---

[7] See DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 33), at 6-7.

[8] Omega explains that the fact-finder in this case will determine a matter of first impression "as to whether Omega's actions reflected a willful and wanton disregard of its maintenance and cure obligation vis-à-vis Mr. Forrest, and if so, whether and to what extent punitive damages should be awarded under the decision in Atlantic Sounding Co. v. Townsend, 129 S.CT. 2561 (2009)." DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO STRIE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 33), at 8.

## CONCLUSION

For the reasons set forth above, the Court will grant OMEGA PROTEIN, INC. AND M/V TIDELAND'S MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL (Docket No. 28).

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 16, 2011